UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LENA SCIE | CIVIL ACTION |
| VERSUS | NO. 14-1570 |
| UNITED STATES OF AMERICA | SECTION: "G"(5) |

## ORDER

Before the Court is Defendant United States of America's "Motion to Dismiss for Lack of Subject Matter Jurisdiction"[1] pursuant to Federal Rule of Civil Procedure 12(b)(1), wherein it contends that there is no waiver of sovereign immunity for lost postal matter. The pending motion was filed on January 26, 2015 and set for submission on February 18, 2015. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Plaintiff Lena Scie ("Scie") has filed no opposition at this time, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[2]

The Petition in this matter was filed on May 30, 2014 in the Second Justice Court for the Parish of Jefferson against United States Postal Service ("USPS") employee Nathan Lewis ("Lewis").[3] In the Petition, Scie alleges the following:

> Nathan Lewis is my mailman and there has been several occasions that he has been accused of taking things and being unprofessional. I had a friend send me a brand new laptop and Nathan stated that he delivered it but it was not, then later he said he delivered it to the wrong address. However, my laptop was never returned. Many

---

[1] Rec. Doc. 8.

[2] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[3] Rec. Doc. 1.

1

      compliants [sic] have been made against Nathan, but he remains employed at the Post Office.[4]

On July 8, 2014, the lawsuit was removed to federal court by the United States.[5] At the time of removal, the United States was substituted as the sole proper party federal Defendant, pursuant to the Federal Tort Claims Act (the "FTCA").[6] In the pending motion, the United States contends that this Court lacks subject matter jurisdiction over this matter because there is no waiver of sovereign immunity for lost postal matter, and because Scie did not file an administrative claim with the USPS prior to filing this lawsuit.[7]

      "The United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[8] To clearly waive the Federal Government's sovereign immunity, the waiver "must be unequivocally expressed in statutory text."[9] The FTCA expressly retains sovereign immunity for certain claims against the government, including "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."[10] In the instant case, Scie appears to allege that Lewis, a USPS letter carrier, negligently failed to deliver a package. Considering that the United States has not waived sovereign immunity with respect to lost or negligently transmitted postal matter, the

---

[4] Rec. Doc. 1-1 at p. 2.

[5] Rec. Doc. 1.

[6] The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1).

[7] Rec. Doc. 8-1 at p. 2.

[8] *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (internal quotation marks and alterations omitted).

[9] *Lane v. Pena*, 518 U.S. 187, 192 (1996).

[10] 28 U.S.C. § 2680(b).

Court finds that it lacks subject matter jurisdiction over this suit.[11]

Even if Scie's claims were not barred by sovereign immunity, she has failed to exhaust her administrative remedies. Before a plaintiff may bring an action under the FTCA, she must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.[12]

Even with the most liberal construction, Scie does not allege that she complied with the administrative requirements of the FTCA prior to filing this action, nor is it apparent from the record that she has done so. To the contrary, the Supervisor of the Tort Claims Examiner/Adjudicator with the USPS National Tort Center has stated that Scie has not filed any administrative tort claims.[13] Accordingly, for this separate reason, Scie's claims are dismissed.

---

[11] Because the issue of sovereign immunity is dispositive, the Court need not address whether Scie exhausted administrative review prior to filing her Petition in this matter.

[12] 28 U.S.C. § 2675(a).

[13] Rec. Doc. 8-2.

Finding the pending motion to be unopposed, and further, it appearing to the Court that the motion has merit,

**IT IS HEREBY ORDERED** that the United States of America's "Motion to Dismiss for Lack of Subject Matter Jurisdiction"[14] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __18th__ day of February, 2015.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[14] Rec. Doc. 8.